UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

ELDRIN WILLIAMS,

    Plaintiff,        Case Number: 2:09-CV-14466

v.                HON. ANNA DIGGS TAYLOR

WILLIAM FEDERSPIEL, ET AL.,

    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

  Plaintiff Eldrin Williams has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff, who, at the time he filed the complaint, was incarcerated at the Saginaw County Jail in Saginaw, Michigan, is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1).  After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

  In his complaint, Plaintiff sues William L. Federspiel, Sheriff of the Saginaw County Jail, and several unknown defendants, identified only as Saginaw County Jail mailroom staff. Plaintiff alleges that Defendants interfered with the mailing of several items of his legal mail.

---

[1]  28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). This right of access requires prison authorities to provide either the legal tools necessary for inmates to represent themselves, *e.g.*, a state-provided law library, or the assistance of legally-trained personnel. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted).

To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). This can be established by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff fails to allege that his ability to pursue a direct criminal appeal, habeas corpus application, or a civil rights claim challenging a condition of confinement was prejudiced by Defendants' conduct. *See Casey*, 518 U.S. at 355. Plaintiff's conclusory allegation that defendants violated his right of access to the courts, without any specific claim that injury resulted is insufficient to sustain a claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir.2003) ("Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim."); *McCurtis v. Wood*, 76 Fed. App'x 632 (6th Cir. 2003) (dismissing prisoner's access to the court's claim as

conclusory where prisoner failed "to allege any specific facts showing that he suffered prejudice to any pending or contemplated direct appeals, habeas corpus applications, or non-frivolous civil rights claims").

Moreover, Plaintiff's claim against the only defendant specifically identified, William Federspiel, is based upon a claim that Federspiel, as sheriff of Saginaw County, is responsible for ensuring that jail inmates receive their legal mail. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *quoting Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by Federspiel that would support a finding that he directly participated in, encouraged, or implicitly authorized or approved the alleged failure to deliver Plaintiff's legal mail.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim against the defendants upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the

Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b).

      **SO ORDERED**.

DATED:  January 12, 2010                              **s/Anna Diggs Taylor**
                                                              ANNA DIGGS TAYLOR
                                                              UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Order of Dismissal was served upon Plaintiff by First Class U.S. mail on January 12, 2010.

Eldrin L. Williams
Saginaw (MCJ)
208 S Harrison
Saginaw, MI 48602                                           s/Johnetta M. Curry-Williams
                                                                   Case Manager